WILLIAM FARRELL *vs.* TIMOTHY SULLIVAN *et al.*

JANUARY 16, 1929.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

SWEENEY, J. This bill in equity was brought in the Superior Court by complainant as executor of the will of John H. Lane, late of Pawtucket, to obtain the construction of two clauses of Mr. Lane's will and for instructions relative thereto. The cause being ready for hearing for final decree was certified to this court for determination as required by Section 35, Chapter 339, G. L. 1923.

The testator, John H. Lane, executed his will October 24, 1924, and died 22 days thereafter. By the fifth clause of his will he gave and bequeathed to Arlene Dwyer, daughter of James H. Dwyer of Cumberland, $1,000 and a lot of land on Prudence Island.

By the residuary clause testator gave one-third of his residuary estate to William Cronin of Pawtucket in trust for the use, benefit and education of his son Daniel Cronin. It is alleged in the bill that said James H. Dwyer never had a daughter named Arlene Dwyer but that he has a daughter named Helene Dwyer. It is also alleged that William G. Cronin of Pawtucket is the person mentioned as William Cronin in said residuary clause and that said William G. Cronin has a son named William Cronin and never had a son named Daniel Cronin. Said Helene Dwyer and William Cronin claim to be the persons entitled to said legacies. The complainant avers that he is in doubt whether to pay said legacies to said Helene Dwyer and William G. Cronin in trust for William Cronin and prays for instructions relative thereto.

The rule is that the misnomer of a legatee or devisee is immaterial if the person intended can be identified by the description in the will. *Pell* v. *Mercer*, 14 R. I. 412, 447. Parol evidence is admissible to identify a legatee, and a mere mistake in the name or description of a legatee will not render the legacy void if the person intended by the testator

can be clearly ascertained, either from the will itself or from extrinsic evidence. 40 Cyc. 1439, 1447.

It appears in evidence that the will of Mr. Lane was written when he was ill at a hospital and without any opportunity on the part of the scrivener to verify the names of the legatees. It also appears that Mr. Lane had known said James H. Dwyer for about 50 years and said William G. Cronin for about 30 years and that he frequently made his home with them. It further appears that Mr. Lane was godfather of Mr. Dwyer's daughter Helene and of Mr. Cronin's son William and that he was fond of these godchildren and made them presents and that he usually called William Cronin "Danny" after his grandfather. The evidence clearly proves that said Helene Dwyer and William Cronin are the persons intended to be designated by Mr. Lane in said clauses in his will, and the executor is so instructed.

January 21, 1929, the parties may present to this court a form of decree in accordance with this opinion.

*Lawrence F. Nolan, Fitzgerald & Higgins, William H. Camfield, Walter V. Moriarty,* for complainant.

*Henry E. Crowe, William M. Connell, Joseph V. Broderick,* for respondents.